IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Ericka H. Smalls, )<br>)<br>Plaintiff, )<br>)<br>)<br>)<br>)<br>vs. )<br>)<br>Imperial Services Group, Inc. and )<br>Anthony Berry, )<br>)<br>Defendants. )<br>) | Civil Action No. 2:11-1223-DCN-BHH<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

This matter is before the Court on the defendants' partial motion to dismiss [Doc. 13], pursuant to Federal Rules of Civil Procedure 12. In her Complaint, the plaintiff alleges the following causes action: (1) hostile work environment; (2) sexual discrimination; (3) negligence; (4) breach of fiduciary duty; (5) negligent hiring/retention; (6) outrage; and (7) negligent supervision. All causes of action are asserted against Defendant Imperial Services Group, Inc., the plaintiff's employer. Only the sixth cause of action, the tort of outrage, is asserted against Defendant Anthony Berry, the plaintiff's immediate supervisor. The defendants have moved for dismissal of the plaintiff's negligence, breach of fiduciary duty, negligent hiring/retention, and negligent supervision causes of action.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment cases are referred to a United States Magistrate Judge for consideration.

## **FACTUAL BACKGROUND**

The plaintiff is an employee of Defendant Imperial and performs cleaning services to commercial offices in Georgetown County. (Am. Compl. at 2.) Defendant Berry is the plaintiff's supervisor and also an employee of Defendant Imperial. *Id.* Throughout her employment with Defendant Imperial, the plaintiff alleges that Berry continuously engaged in the following conduct towards the plaintiff:

(a) Cursing and yelling profanities;

(b) Repeatedly threatening her job if she does not comply with Berry's orders;

(c) Failing to provide supplies for her to conduct her job duties;

(d) Utilizing crude and offensive behavior and language to force her to accede to the defendants' wishes;

(e) Utilizing crude and offensive behavior and language to punish her for failure to comply with orders; and

(f) Using his position of authority to harass and intimidate her.

*Id.*

Further, the plaintiff alleges that Defendant Imperial is aware of Berry's actions and behavior toward the plaintiff but has failed to protect her or provide her with a safe workplace. *Id.* The plaintiff claims to have suffered mental anguish, stress, and humiliation. *Id.* at 4.

## **APPLICABLE LAW**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must state "a plausible

claim for relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Stated differently, "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)).

## DISCUSSION

### I.   Fiduciary Duty

The defendants have first moved to dismiss the plaintiff's fourth cause of action for breach of fiduciary duty.  The defendants contend that no fiduciary duty arises from the mere presence of an employee-employer relationship and that the plaintiff has not alleged more.  *Future Plastics, Inc. v. Ware Shoals Plastics, Inc.*, 340 F. Supp. 1376, 1384 (D.S.C. 1972).  The Court believed this to be a fairly established legal principle.  Upon additional investigation, however, the undersigned has found essentially no other case, state or of this District, which says anything quite so directly.  *See, e.g., Hooters of America, Inc. v. Phillips*, 39 F. Supp. 2d 582, 607 (D.S.C.1998) ("An employer/employee relationship is not a fiduciary relationship upon which a fraudulent concealment action could spring.  'A fiduciary relationship cannot be established by the unilateral action of one party.'").

That being said, the only employment cases, which recognize the presence of a fiduciary duty, either concern those arising as a matter of statute, *see Register v. Cameron & Barkley Co.*, 481 F. Supp. 2d 471 (D.S.C. 2007) (ERISA); those arising out of special employment relationship, including employment contracts or partnerships, *see Foreign Academic & Cultural Exchange Services, Inc. v. Tripon*, 715 S.E.2d 331 (S.C. 2011) (concerning employee's duty of loyalty under employment contract); those concerning

3

directors and officers; or those concerning the handling of money by employees, *see SSI Medical Serv., Inc. v. Cox*, 392 S.E.2d 789, 794 (S.C.1990). In other words, the Court has not identified any cases where it has been determined that a fiduciary duty existed and was breached by the employer in the context of harassment or discrimination on account of one employee as against another. That is what the plaintiff would contend here.

Even the plaintiff concedes that a fiduciary relationship exists only "when one reposes *special confidence* in another, so that the latter, in equity and good conscience, is bound to act in good faith and with due regard to the interests of the one reposing confidence." (Pl. Brief at 3 (quoting *O'Shea v. Lesser*, 416 S.E.2d 629, 631 (1992) (emphasis added)).) The Court knows of no South Carolina decision, binding or persuasive, that has concluded that a typical, at-will employment arrangement implicates a sort of "special confidence" such that a fiduciary duty arises to protect against harassment. Said differently, the Court does not believe that South Carolina recognizes the cause pled. And, the Amended Complaint, for all its allegations, does not plead any of the circumstances described above, which have apparently been found to, in fact, implicate a special confidence.

Accordingly, the Court would recommend its dismissal. The plaintiff still has recourse for the alleged wrongs in her statutory claims, of course, for the same conduct.

## II.     Retaliation/Wrongful Termination in Violation of Public Policy

The defendants next contend that the plaintiff's third, fifth, and seventh causes of action for negligence, negligent retention/hiring and negligent supervision are barred by the exclusivity provision of the South Carolina Workers' Compensation Act (Act). S.C. Code. Ann. § 42-1-540. That statute states:

> The rights and remedies granted by this Title to an employee when he and his employer have accepted the provisions of this Title, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin as against

>     his employer, at common law or otherwise, on account of such
>     injury, loss of service or death.

*Id.* Additionally, "Every employer and employee . . . shall be presumed to have accepted the provisions of [the Act] respectively to pay and accept compensation for personal injury . . . arising out of and in the course of the employment and shall be bound thereby." S.C. Code § 42-1-310.

The plaintiff's third, fifth, and seventh causes of action, therefore, are preempted by the South Carolina Worker's Compensation Act because they allege personal injury arising out of and in the course of her employment. *See Sabb v. South Carolina State University*, 567 S.E.2d 231, 234 (S.C. 2002) (negligent supervision). South Carolina courts have routinely dismissed negligence-based causes of action pled by employees against their employers based on the exclusivity provision. *See Palmer v. House of Blues Myrtle Beach Rest. Corp.*, 2006 WL 2708278 (D.S.C. September 20, 2006) (dismissing negligent supervision cause of action because barred by the exclusivity provision of the South Carolina Workers' Compensation Act); *Cason v. Duke Energy Corp.*, 560 S.E.2d 891 (S.C. 2002) (barring negligence cause of action by the exclusivity provision of the South Carolina Workers' Compensation Act); *Dickert v. Metropolitan Life Ins. Co.*, 428 S.E.2d 700 (S.C. 1993) (stating that the Act provides exclusive remedy for employees who sustain work-related injury; claim of negligence for failure to exercise reasonable care in selection, retention, and supervision of co-employee is covered by the Act); *Loges v. Mack Trucks, Inc.*, 417 S.E.2d 538 (S.C.1992) ("[A]llegations of intentional infliction of emotional distress, assault and battery as these constitute personal injuries within the scope of the Act.")*; Edens v. Bellini*, 597 S.E.2d 863 (S.C. Ct App. 2004) (barring negligence cause of action against employer by estate of employee dismissed because barred by the exclusivity provision of the South Carolina Workers' Compensation Act).

The plaintiff responds that her claims are taken out of the ambit of the exclusivity provision because the defendant acted with requisite intent. It is true that the Act does not bar a common law action if the employer or its alter ego "acted with deliberate or specific intent to injure the employee." *Peay v. U.S. Silica Co.,* 313 S.C. 91, 437 S.E.2d 64, 65 (S.C.1993). But, South Carolina courts, applying Section 42–1–540, have specifically held that intentional torts and claims for negligent supervision, specifically, are, in fact, covered by the Workers' Compensation Act. *See Washington v. Hilton Hotels Corp.*, 2008 WL 747792, at * 4 (D.S.C. Mar.17, 2008) *Palmer*, 2006 WL 2708278, at *3 (D.S.C. Sept.20, 2006); *Dickert v. Metropolitan Life Ins. Co.*, 428 S.E.2d 700, 701-02 (S.C.1993) (holding that the Act provides the exclusive remedy for work-related injuries, and that claims for negligence, including hiring, retention, and supervision, as well as emotional distress are covered by the Act). Courts have been consistent in this conclusion even where the defendant's conduct is alleged to have been wanton, willful and reckless. *See Washington*, 2008 WL 747792, at * 7; *Palmer*, 2006 WL 2708278, at * 3.

The Supreme Court of South Carolina has reiterated that the only exceptions to the Act's exclusivity provisions are: (1) where the injury results from the act of a subcontractor who is not the injured person's direct employer; (2) where the injury is not accidental but rather results from the intentional act of the employer or its alter ego; (3) where the tort is slander and the injury is to reputation; or (4) where the Act specifically excludes certain occupations. *Cason v. Duke Energy Corp.*, 348 S.C. 544, 560 S.E.2d 891, 893 (S.C.2002). The plaintiff has not alleged and cannot allege that Berry represents the "alter ego" of Imperial, defined as a "dominant corporate owner[] [or] officer[]." *Dickert*, 428 S.E.2d at 701. The term does not include "supervisory employees." *Id.* Defendant Berry was the plaintiff's supervisor and an employee of Imperial and no more.

There are no allegations in the Complaint, therefore, that would rescue the three claims from the jealous demands of the Act's exclusivity provision.

6

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is RECOMMENDED that the defendants' motion to dismiss [Doc. 13] should be GRANTED and the plaintiff's third, fourth, fifth, and seventh causes of action dismissed with prejudice.

                                                                         s/Bruce H. Hendricks  
                                                                         United States Magistrate Judge

November 8, 2011  
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).